101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
John LAMBERT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 95-6403.
 United States Court of Appeals, Second Circuit.
 May 17, 1996.
 
 APPEARING FOR APPELLANT: John Lambert, pro se, Brooklyn, NY.
 APPEARING FOR APPELLEE: Beth P. Schwartz, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 Present: MESKILL, MINER, Circuit Judges, SCULLIN, JR.,*, District Judge.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant John Lambert appeals from a judgment entered in the United States District Court for the Eastern District of New York (Block, J.) granting summary judgment in favor of defendant-appellee Secretary of Health and Human Services ("HHS").
 
 
 1
 In April of 1984, Lambert applied for retirement insurance benefits from the Social Security Administration ("SSA"). Lambert was found to be entitled to monthly benefits, effective January of 1984. In July of 1989, the SSA determined that it had made an error in computing Lambert's benefits, and it paid him $149, representing the amount of underpayments from 1984 through June of 1989.
 
 
 2
 On June 28, 1991, Lambert filed a request for reconsideration of the SSA's determination of his benefits. On March 25, 1992, the SSA issued Lambert a Reconsideration Determination, stating that the computation of his benefits was correct. Lambert then requested a hearing before an administrative law judge (the "ALJ"). On November 20, 1992, the ALJ found that the SSA had provided Lambert with the correct amount of benefits. Lambert subsequently requested review by the Appeals Council. On September 17, 1993, the Appeals Council denied his request for review.
 
 
 3
 On November 10, 1993, Lambert commenced an action in district court, seeking review of the Appeals Council's determination. Lambert alleged, inter alia, that the SSA erred in paying him only $149 as a result of the prior underpayments and in denying him benefits for the period of January of 1994 through March of 1994. On May 5, 1995, the HHS moved for summary judgment. On November 2, 1995, the district court granted summary judgment in favor of the HHS. In a detailed memorandum and order, the district court found that the SSA properly determined Lambert's benefits. This appeal followed.
 
 
 4
 Our review of a final decision of the SSA is limited to determining whether its conclusions are supported by substantial evidence in the administrative record. Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir.1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the present case, there is substantial evidence in the administrative record to support the SSA's conclusions that Lambert was not due benefits from January of 1984 through March of 1984, and that he was entitled to a $149 payment as a result of the prior underpayments. The SSA properly reduced Lambert's benefits in 1984 due to his wage earnings for that year. See 20 C.F.R. §§ 404.430(a), 404.430(d). In addition, as described in the district court's memorandum and order, the SSA properly calculated that Lambert was due $149.
 
 
 5
 We have considered Lambert's remaining contentions, and we find them all to be without merit.
 
 
 
 *
 The Honorable Frederick J. Scullin, Jr. of the United States District Court for the Northern District of New York, sitting by designation